No. 22,353.

THE CITY OF GREAT BEND, *Appellee,* v. THE GREAT BEND WATER AND ELECTRIC COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

CITY WATER—*Interpretation of City Ordinance—Consumers Entitled to Discount for Prompt Payment.* The ordinance under which a water company operated, after providing a scale of charges based upon the quantity of water used, introduced a schedule of charges based upon the capacity of the meters, with the words: "All consumers shall pay, in any event, at least the following minimum monthly rates." At the conclusion of the same section this provision was made: "All the rates above given are gross rates, 'shall be payable monthly and shall be subject to a discount of twenty per cent., if bills are paid on or before the tenth day of the following month." *Held,* that customers charged according to the schedule based on meter capacity were entitled to the discount for prompt payment.

Appeal from Barton district court; DANIEL A. BANTA, judge. Opinion filed April 10, 1920. Affirmed.

*F. V. Russell,* and *R. C. Russell,* both of Great Bend, for the appellant.

*James W. Clarke,* of Great Bend, for the appellee.

The opinion of the court was delivered by

MASON, J.: The city of Great Bend brought action against the Great Bend Water and Electric Company for an injunction against a charge it was making for water service. Judgment was rendered for the plaintiff on the pleadings, and the defendant appeals.

The controversy is over the interpretation of the ordinance

fixing rates. After making provision for a scale of charges based upon the quantity of water used, it continues:

"All consumers shall pay, in any event, at least the following minimum monthly rates."

Then followed a schedule for charges based upon the capacity of the meter, the monthly charge for a five-eighths-inch meter being $1.25.

The concluding paragraph of this section of the ordinance contained this provision:

"All of the rates above given are gross rates, shall be payable monthly and shall be subject to a discount of twenty per cent, if bills are paid on or before the tenth day of the following month."

The company asserts that the twenty per cent discount for prompt payment does not apply to the minimum rates, because of the provision first quoted. The argument is that such provision means just what it literally says, that all persons having, for instance, a 5⅛-inch meter, shall in any event—that is, under all circumstances—pay at least $1.25 a month; that if a twenty per cent discount were to be allowed from that amount the consumer would be paying less than the minimum fixed by the ordinance.

The city contends, however, that the context clearly shows the words "in any event" to refer to the quantity of water used; that the true meaning of the provision is that in any event, that is, no matter how little water the consumer uses, he shall be charged a least $1.25 a month; and that the section relating to the discount of twenty per cent for prompt payment applies to that as well as to the charges based upon the amount of water used. We regard the contention of the city as sound, and this requires an affirmance of the judgment.

It appears that from the time of the passage of the ordinance, in 1908, until January, 1919, the discount in question had been allowed. Then a change in this respect was attempted by the company, which asserts that the rebate had been due to a voluntary concession on its part. The city urges that a practical construction of the contract resulted, which is binding upon the company. It may also be suggested that it is doubtful whether the company could legally change its practice in the matter of allowing the discount without obtaining the consent of the city commission under the public

utilities act. (Gen. Stat. 1915, §§ 8329, 8347.) However, we are satisfied to base the decision upon the face of the ordinance, irrespective of other considerations.

The answer contained an allegation that the company had been operating at a loss, but this fact of course could not affect the interpretation of the ordinance, nor in itself justify a denial to customers of the discount therein provided.

The judgment is affirmed.